Peter B. Schlueter (155880)
SCHLUETER & SCHLUETER
1916 Orange Tree Lane, Suite 450-G
Redlands, CA 92374
Voice (909) 381-4888
FAX (909) 281-9238
peterinla@aol.com

Attorney for: Plaintiffs, REANNA HERMOSILLO, as guardian ad litem to C.E.L.R., a minor; B.I.R., a minor; D.R.R., a minor; and J.I.H., a minor.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

REANNA HERMOSILLO, as guardian ad litem to C.E.L.R., a minor, individually and as successor-in-interest; B.I.R., a minor, individually and as successor-in-interest; D.R.R., a minor, individually and as successor-in-interest; and J.I.H., a minor, individually and as successor-in-interest to decedent ENRIQUE CARLOS RODARTE,

Plaintiffs,

v.

THE COUNTY OF SAN BERNARDINO, THE CITY OF VICTORVILLE, and DOES 1-10, inclusive, individually,

Defendants.

Case No.:

**COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure and Due Process–Excessive Force (42 U.S.C. § 1983)
2. Denial of Medical Care (42 U.S.C. § 1983)
3. Substantive Due Process (42 U.S.C. § 1983)
4. Conspiracy to Violate Civil Rights (42 U.S.C. § 1983 and 42 U.S.C. § 1985)
5. Due Process–Conspiracy to Cover Up (42 U.S.C. § 1983 and 42 U.S.C. § 1985)
6. Municipal and Supervisory Liability (42 U.S.C. § 1983)
7. Battery/Wrongful Death
8. Negligence/Wrongful Death
9. Violation of Bane Act (Cal. Civil Code § 51.7)

**DEMAND FOR JURY TRIAL**

**COMPLAINT**

Plaintiffs C.E.L.R, B.I.R., D.R.R., and J.I.H., for their complaint against Defendants COUNTY OF SAN BERNARDINO, CITY OF VICTORVILLE and DOES 1-10, inclusive, allege as follows:

**INTRODUCTION**

This civil rights action seeks compensatory and punitive damages from defendants for violating various rights under the United States Constitution and state law in connection with the death of the decedent, ENRIQUE CARLOS RODARTE.

**PARTIES**

1. At all relevant times, decedent ENRIQUE CARLOS RODARTE ("DECEDENT") was a resident of the County of San Bernardino, California.

2. At all relevant times, REANNA HERMOSILLO is the natural mother of Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H., and is the proposed guardian ad litem for aforementioned Plaintiffs, pending the Court's authorization.

3. Plaintiff C.E.L.R. is the natural born minor son of DECEDENT, and is an individual residing in the County of Riverside, California. C.E.L.R. brings this action as an individual and successor-in-interest pursuant to California Civil Code§ 377.32. C.E.L.R. seeks wrongful death and survival damages under federal and state law by and through his natural mother and proposed guardian ad litem, pending authorization by the court, REANNA HERMOSILLO.

4. Plaintiff B.I.R. is the natural born minor son of DECEDENT, and is an individual residing in the County of Riverside, California. B.I.R. brings this action as an individual and successor-in-interest pursuant to California Civil Code§ 377.32. B.I.R. seeks wrongful death and survival damages under federal and state law by and through his natural mother and proposed guardian ad litem, pending authorization by the court, REANNA HERMOSILLO.

5. Plaintiff D.R.R. is the natural born minor son of DECEDENT, and is an individual residing in the County of Riverside, California. D.R.R. brings this action as an individual and successor-in-interest pursuant to California Civil Code§ 377.32. D.R.R. seeks wrongful death and survival damages under federal and state law by and through his natural mother and

SCHLUETER & SCHLUETER

COUNTY'S elected and non-elected officials.

12. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

13. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of COUNTY.

14. On July 3, 2014, Plaintiffs filed a comprehensive and timely claim for damages with COUNTY pursuant to applicable sections of the California Government Code. On July 7, 2014, COUNTY rejected said claim.

15. Defendant CITY of VICTORVILLE, CA has a non-delegable duty of oversight of the officers who enforce the laws of the jurisdiction, as well as of the departments, management, policies, procedures, training, and supervision of such officers.

## JURISDICTION AND VENUE

16. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

17. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Plaintiffs believe Defendants DOES 1-10 reside in the County of San Bernardino, California, and because all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

18. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 17 of this Complaint with the same force and effect as if fully set forth herein.

19. On or about January 12, 2014 , DECEDENT was killed after being shot multiple times by DOES 1-7.

20. On information and belief, DOES 1-7 integrally participated in the unlawful use of deadly force against DECEDENT.

21. On information and belief, DECEDENT had not committed any crime, and DOES 1-7 had neither reasonable suspicion to detain DECEDENT nor probable cause to arrest DECEDENT.

22. DECEDENT was unarmed at the time of the shooting and did not pose an immediate threat of death or serious bodily injury to the officers or anyone else when he was shot and killed.

23. On information and belief, at the time of the shooting, a reasonable officer in the positions of DOES 1-7 would not believe that DECEDENT posed an imminent threat of death or serious physical injury to anyone. Further, there were several alternative means of responding to the situation without using deadly force.

24. On information and belief, DOES 6-10 failed to intervene with respect to DOES 1-5's use of excessive and deadly force despite having a realistic opportunity to do so.

25. On information and belief, DOES 1-7, although having actual and constructive notice and knowledge of DECEDENT's serious medical conditions, disregarded his medical needs. As a direct result of Defendants' shooting DECEDENT and then failing to obtain appropriate medical care for DECEDENT, DECEDENT experienced severe pain and suffering and eventually died.

26. On information and belief, DOES 1-10 intentionally concealed or tampered with evidence, failed to collect and maintain evidence, and intimidated witnesses to cover-up the unreasonable arrest and use of force against DECEDENT.

27. As a result of the aforementioned conduct of DOES 1-7 , C.E.L.R., B.I.R., D.R.R., and J.I.H. were deprived of the life-long love, comfort, support, companionship, society and care of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. also incurred funeral and burial expenses and a loss of financial support.

**FIRST CLAIM FOR RELIEF**

**Excessive Force in Violation of the Fourth Amendment (42 U.S.C. § 1983)**

**(Against Defendants DOES 1-10 )**

28. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 27 of this Complaint with the same force and effect as if fully set forth herein.

29. Defendants DOES 1-7 's unreasonable use of excessive and deadly force against DECEDENT deprived him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. This use of deadly force was excessive and unreasonable under the circumstances.

30. Defendant DOES 1-7 integrally participated in the unreasonable use of excessive and deadly force against DECEDENT, depriving him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31. On information and belief, DECEDENT had committed no crime, was complying with DOES 1-7's commands, and did not pose a threat to anyone at the time he was shot and killed.

32. Defendants DOES 8-10 failed to intervene with respect to DOES 1-7's use of excessive and deadly force and violation of DECEDENT's constitutional rights despite the opportunity to do so.

33. As a result, DECEDENT suffered extreme pain and suffering and eventually lost his life. Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. have also been deprived of the life-long comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life. Plaintiffs are also claiming funeral and burial expenses, and a loss of financial support.

34. As a result of the conduct of Defendants DOES 1-10, Defendants DOES 1-10 are liable for the injuries of Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. either because they were integral participants in the excessive force or because they failed to intervene to prevent these

SCHLUETER & SCHLUETER

violations.

35. The conduct of Defendants DOES 1-10 was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-10.

36. DECEDENT'S successors-in-interest seek both wrongful death and survival damages under this claim.

**SECOND CLAIM FOR RELIEF**

**Denial of Medical Care in Violation of the Fourth and Fourteenth Amendments**

**(42 U.S.C. § 1983)**

**(Against Defendants DOES 1-10 )**

37. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 36 of this First Amended Complaint with the same force and effect as if fully set forth herein.

38. The Fourth Amendment to the US Constitution, which is applied to state actors by the Fourteenth Amendment, guarantees all individuals the right to be free from unreasonable searches and seizure and from excessive force by law enforcement. The due process clause of the Fourteenth Amendment to the US Constitution requires the provision of medical care to persons who have been injured while being apprehended by law enforcement. The due process clause of the Fourteenth Amendment also guarantees pretrial detainees protection from deliberate indifference to their serious medical needs. A private right of action is afforded to individuals seeking redress for denial of medical care in violation of the Fourth and Fourteenth Amendment by 42 U.S.C. § 1983.

39. Defendants DOES 1-7 used excessive force against DECEDENT in the course of unlawfully detaining him, including but not limited to fatally shooting him.

40. DECEDENT complied with Defendant officers and did not resist the officers. DECEDENT was not armed and at no time during the incident did he verbally threaten or attempt to punch, kick, or grab Defendants officers.

41. DECEDENT did not refuse medical aid and had obvious injuries.

SCHLUETER & SCHLUETER

42. Defendants DOES 1-10 did not immediately report the use of force, did not timely provide needed medical care and did not timely summon medical assistance for DECEDENT. Defendant DOES 1-10 had actual and constructive notice and knowledge of DECEDENT's serious medical condition, his injuries or a risk of serious harm, but purposefully disregarded his medical needs.

43. Defendants DOES 1-10 acted with deliberate indifference and with purpose to harm DECEDENT that is unrelated to any legitimate law enforcement objective.

44. The unjustified assault on DECEDENT and the wrongful denial of medical care by Defendants DOES 1-10 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures and against excessive force as guaranteed to DECEDENT under the Fourth Amendment. By their unjustified assault and wrongful denial of medical care to DECEDENT, Defendants DOES 1-10 also deprived DECEDENT of the right to medical care afforded to persons who have been injured while being apprehended by law enforcement and the protection from deliberate indifference to the serious medical needs of pretrial detainees–both of which are guaranteed by the Fourteenth Amendment.

45. Defendants DOES 1-10 knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and death.

46. The conduct of Defendants DOES 1-10 was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant deputies.

47. Decedent's successors-in-interest seek both wrongful death and survival damages under this claim.

**THIRD CLAIM FOR RELIEF**

**Substantive Due Process (42 U.S.C. § 1983)**

**(Against Defendants DOES 1-10)**

48. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 47

of this Complaint with the same force and effect as if fully set forth herein.

49. Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their familial relationship with their father, DECEDENT.

50. As a result of the excessive force by DOES 1-7 and the failure of DOES 8-10 to intervene, DECEDENT died. Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. were thereby deprived of their constitutional right and familial relationship with DECEDENT.

51. Defendants DOES 1-10, acting under color of state law, thus violated the Fourteenth and Amendment rights of C.E.L.R., B.I.R., D.R.R., and J.I.H. to be free from unwarranted interference with their familial relationship with DECEDENT.

52. The aforementioned actions of DOES 1-10, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. , and with purpose to harm unrelated to any legitimate law enforcement objective.

53. As a direct and proximate cause of the acts of DOES 1-10, Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. , have also been deprived of the life-long comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, and a loss of financial support.

54. The conduct of Defendants DOES 1-10 was malicious, oppressive and in reckless disregard for the rights and safety of DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H., and therefore warrants the imposition of exemplary and punitive damages as to Defendants officers.

55. Decedent's successors-in-interest seek both survival and wrongful death damages under this claim with respect to the death of the decedent.

**FOURTH CLAIM FOR RELIEF**

**Conspiracy to Violate Civil Rights (42 U.S.C. § 1983 and 42 U.S.C. § 1985)**

**(Against Defendants DOES 1-10 )**

56. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 55 of this Complaint with the same force and effect as if fully set forth herein.

57. Before or during the course of this incident, DOES 1-10 conspired to and in fact did deprive DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. of their aforementioned rights under the United States Constitution.

58. All rights of DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. were violated by DOES 1-10 by their wrongful detention and arrest, use of force, including deadly force, denial of medical care, and conscience-shocking actions, as more specifically set forth.

59. On information and belief, DOES 1-10 conspired to and in fact did deprive DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. of their right to equal protection of the laws and equal privileges and immunities under the laws because of their Hispanic race.

60. On information and belief, Defendants DOES 1-7 agreed and conspired, and shared the same conspiratorial objective with each other to violate the aforementioned constitutional rights of DECEDENT and Plaintiffs D.R.R.; J.I.H.; B.I.R.; and C.E.L.R.. The conduct of DOES 1-7 were malicious, oppressive, and in reckless disregard for the rights and safety of DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. , and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-7.

61. The conduct of DOES 8-10 was malicious, oppressive, and in reckless disregard for the rights and safety of DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H., and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 8-10.

62. DECEDENT'S successors-in-interest seek both survival and wrongful death damages under this claim with respect to the death of the decedent.

**FIFTH CLAIM FOR RELIEF**

**Due Process-Conspiracy to Cover-Up (42 U.S.C. § 1983 and 42 U.S.C. § 1985)**

**(Against Defendants DOES 1-10)**

63. Plaintiffs repeat and reallege each and every allegation in paragraphs 1through 64 of this Complaint with the same force and effect as if fully set forth herein.

64. On information and belief, DOES 1-10 conspired to and in fact did deprive DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. of their right to access to the courts under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

65. As a result, Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. were forced to incur costs and expenses of investigating and prosecuting their claims, and any inability to recover on their claims will be a direct result of the actions of DOE 1-10 in covering-up their violations of the constitutional rights of DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H.

66. On information and belief, Defendants DOES 1-10 conspired to and in fact did deprive DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H., of their right to equal protection of the laws and equal privileges and immunities under the laws because of their Hispanic race.

67. On information and belief, Defendants DOES 1-10 agreed and conspired, and shared the same conspiratorial objective with each other to violate the aforementioned constitutional rights of DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H.

68. DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. were deprived of their constitutional rights, and were injured in their person and property as a result of the conspiracy.

69. The conduct of Defendants DOES 1-10 was malicious, oppressive and in reckless disregard for the rights and safety of DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-10.

70. Decedent's successors-in-interest seek both survival and wrongful death damages

under this claim with respect to the death of the decedent.

**SIXTH CLAIM FOR RELIEF**

**Municipal and Supervisory Liability (42 U.S.C. § 1983)**

**(Against Defendants COUNTY, CITY, and DOES 8-10)**

71. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 70 of this Complaint with the same force and effect as if fully set forth herein.

72. On and for some time prior to January 12, 2014 (and continuing to the present date) Defendants COUNTY, CITY, and DOES 8-10 deprived DECEDENT and C.E.L.R., B.I.R., D.R.R., and J.I.H. of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized COUNTY and/or CITY custom, policy, and practice of, and/or individual conduct of:

(a) Employing and retaining as law enforcement officers and other personnel, including DOES 1-7, who Defendants COUNTY, CITY, and/or DOES 8-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority by using excessive force and denying medical care, and for mistreating citizens by failing to follow written COUNTY Sheriff Department policies;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY Law Enforcement Officers, and other COUNTY personnel, including DOES 1-7, who Defendants COUNTY, CITY, and/or DOES 8-10 each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, and of ratifying the unconstitutional actions of DOES 1-7, including the unconstitutional unlawful arrest and use of excessive force complained of by Plaintiffs;



SCHLUETER & SCHLUETER

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants DOES 1-7, who are COUNTY Deputies;

(d) By failing to adequately train officers, including Defendants DOES 1-7, and failing to institute appropriate policies, regarding constitutional procedures and practices for use of force and specifically deadly force;

(e) By having and maintaining an unconstitutional custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, using excessive force, including deadly force, failing to obtain medical care, depriving persons of life, liberty, and property so as to shock the conscience, conspiring to violate civil rights, and conspiring to cover-up civil rights violations, which is also demonstrated by inadequate training regarding these subjects. The customs and practices of COUNTY, CITY, and/or DOES 8-10 were done with a deliberate indifference to individuals' safety and rights;

(f) By failing to properly investigate claims of unlawful detention and excessive force by COUNTY deputies; and

(g) By conspiring to cover up the wrongful actions of DOES 1-7, including, but not limited to acts of witness intimidation, failing to collect evidence, failing to maintain evidence, and intentionally tampering with and/or concealing evidence.

73. By reason of the aforementioned policies and practices of Defendants COUNTY, CITY, and/or DOES 8-10, DECEDENT was severely injured and subjected to pain and suffering and lost his life.

74. Defendants COUNTY, CITY, and/or DOES 8-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional

SCHLUETER & SCHLUETER

rights of DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. , and other individuals similarly situated.

75. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY, CITY, and/or DOES 8-10 acted with an intentional, reckless, and callous disregard for the life of Decedent and the constitutional as well as human rights of DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. Defendants COUNTY, CITY, and/or DOES 8-10 and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

76. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants COUNTY, CITY, and/or DOES 8-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H.

77. By reason of the aforementioned acts and omissions of Defendants COUNTY, CITY, and/or DOES 8-10, Plaintiffs were caused to incur funeral and related burial expenses, and loss of financial support.

78. By reason of the aforementioned acts and omissions of Defendants COUNTY, CITY, and/or DOES 8-10, Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. have suffered a loss of DECEDENT's love, affection, and future support.

79. Accordingly, Defendants COUNTY, CITY, and/or DOES 8-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

80. Decedent's successors-in-interest seek both survival and wrongful death damages under this claim with respect to the death of the decedent.

## SEVENTH CLAIM FOR RELIEF

**Battery/Wrongful Death**

**(Against Defendants DOES 1-7 and COUNTY)**

81. Plaintiffs repeat and reallege each and every allegation in paragraphs 1through 80 of this Complaint with the same force and effect as if fully set forth herein.

82. DOES 1-7, while working as Deputies for the COUNTY Sheriffs Department, and acting within the course and scope of their duties, intentionally shot DECEDENT. As a result, DECEDENT suffered serious injuries, and ultimately died. DOES 1-7 had no legal justification for his actions, and said Defendant's use of force against DECEDENT while carrying out their police duties was an unreasonable use of force.

83. As a direct and proximate result of DOES 1-7's conduct as alleged above, DECEDENT was caused to suffer severe pain and suffering and ultimately died. Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. have been deprived of the life-long comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life. Plaintiffs are also claiming funeral and burial expenses, and a loss of financial support.

84. COUNTY is vicariously liable for DOES 1-7's wrongful acts pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

85. DOES 1-7's conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT and C.E.L.R., B.I.R., D.R.R., and J.I.H., entitling Plaintiffs to an award of exemplary and punitive damages.

86. Decedent's successors-in-interest seek both survival and wrongful death damages under this claim with respect to the death of the decedent.

**EIGHTH CLAIM FOR RELIEF**

**Negligence/Wrongful Death**

**(Against Defendants DOES 1-10 and COUNTY)**

87. Plaintiffs repeat and realleges each and every allegation in paragraphs 1 through 86 of this Complaint with the same force and effect as if fully set forth herein.

88. The actions of DOES 1-7 and DOES 8-10 toward DECEDENT were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to detain, arrest, and use

deadly force against DECEDENT;

(b) the failure to monitor and record any use of force by COUNTY deputies, DOES 1-7;

(c) the failure to monitor and record any injuries specifically caused by the use of force by COUNTY Police Officers, including DOES 1-7;

(d) the negligent tactics and handling of the situation with DECEDENT;

(e) the negligent detention, arrest, and use of force including deadly force against DECEDENT;

(f) the failure to properly train and supervise employees, both professional and non-professional, including DOES 1-7 and DOES 8-10;

(g) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(h) the failure to provide prompt medical care to DECEDENT; and

(i) the negligent handling of evidence and witnesses.

89. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died as a result of the unnecessary use of force and untimely medical attention. Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. have been deprived of the life-long comfort, support, society, and care of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, and a loss of financial support.

90. The COUNTY is vicariously liable for the wrongful acts of DOES 1-7 and DOES 8-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

91. The conduct of DOES 1-7 and DOES 8-10 was malicious, wanton, oppressive, and

SCHLUETER & SCHLUETER

accomplished with a conscious disregard for the rights of DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. entitling Plaintiffs to an award of exemplary and punitive damages.

92. Decedent's successors-in-interest seek both survival and wrongful death damages under this claim with respect to the death of the decedent.

**NINTH CLAIM FOR RELIEF**

**Violation of Bane Act (Cal. Civil Code§ 51.7 and California Common Law)**

**(Against ALL DEFENDANTS)**

93. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 92 of this Complaint with the same force and effect as if fully set forth herein.

94. DOES 1-7, while working as Deputies for the COUNTY Sheriffs Department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

95. DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. reasonably believed that if they exercised their rights, DOES 1-7 would commit acts involving violence, threats, coercion, or intimidation against them or their property.

96. DOES 1-7 injured DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H., to prevent DECEDENT and C.E.L.R., B.I.R., D.R.R., and J.I.H. from exercising their rights or to retaliate against DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. for having exercised their rights.

97. DECEDENT was caused to suffer severe pain and suffering and ultimately died. Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H. have been deprived of the life-long comfort, support, society and care of DECEDENT, and will continue to be so deprived for the remainder of her natural life. Plaintiffs incurred funeral and burial expenses, medical expenses, and loss of financial support.

98. The conduct of DOES 1-7 was a substantial factor in causing the harms, losses,

SCHLUETER & SCHLUETER

injuries, and damages of DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H.

99. COUNTY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

100. The conduct of DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT and Plaintiffs C.E.L.R., B.I.R., D.R.R., and J.I.H., entitling Plaintiff to an award of exemplary and punitive damages.

101. DECEDENT'S successors-in-interest seek both survival and wrongful death damages under this claim with respect to the death of the decedent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants COUNTY OF SAN BERNARDINO, CITY OF VICTORVILLE, and DOES 1-10, inclusive, as follows:

A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B. For funeral and burial expenses, and loss of financial support;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

E. For reasonable costs of this suit and attorneys' fees; and

F. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: January 6, 2015

Schlueter & Schlueter

Peter B. Schlueter, Esq.
Attorney for Plaintiffs,
C.E.L.R., B.I.R., D.R.R., and J.I.H.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: January 6, 2015

Schlueter & Schlueter

Peter B. Schlueter, Esq.
Attorney for Plaintiffs,
C.E.L.R., B.I.R., D.R.R., and J.I.H.