MARK PACHOWICZ (SBN 138108)
Mark @ pachowicz.com
JENNIE HENDRICKSON (SBN 144562)
Jennie @ pachowicz.com
Law Offices of Mark Pachowicz, APLC
771 Daily Drive, Suite 230
Camarillo, CA 93010
Tel: (805) 987-4975

Attorneys for Plaintiffs,
Reanna Hermosillo, as Guardian ad Litem, et.al.

Eugene P. Ramirez (State Bar No. 134865)
Kayleigh A. McGuinness (State Bar No. 306442)
MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
epr@manningllp.com
Attorneys for Defendants,
COUNTY OF SAN BERNARDINO, et. al.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REANNA HERMOSILLO, as Guardian ad Litem, et al.<br><br>                             Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, et al.<br><br>             Defendants. | **CASE NO.: EDCV 15-00033-DTB**<br><br>*[Assigned to Hon. David T. Bristow]*<br><br>**[PROPOSED] REVISED PRE-TRIAL CONFERENCE ORDER**<br><br>**Complaint Filed: January 6, 2015**<br><br>**Trial Date: March 13, 2017**<br><br>**Pre-Trial Conference: February 14, 2017** |

Following pretrial proceedings, pursuant to Federal Rules of Civil Procedure 16 and Local Rule 16, **IT IS HEREBY ORDERED:**

1. The parties are:

(a) Plaintiffs C.E.L.R., a minor, individually and as successor-in-interest; B.I.R., a minor, individually and as successor-in-interest; D.R.R., a minor, individually and as successor-in-interest; and J.I.H., a minor, individually and as successor-in-interest to decedent ENRIQUE CARLOS RODARTE, by and through their Guardian ad Litem Reanna Hermosillo.

(b) Defendants are:

Detective Brad Bonnet, Individually And In His Capacity As A Detective In The San Bernardino County Sheriff's Department;

Deputy Paul Casas, Individually And In His Capacity As A Deputy In The San Bernardino County Sheriff's Department;

Deputy Jason Fortier, Individually And In His Capacity As A Deputy In The San Bernardino County Sheriff's Department;

Deputy David Page, Individually And In His Capacity As A Deputy In The San Bernardino County Sheriff's Department;

Sergeant (Now Lieutenant) John Walker, Individually And In His Capacity As A Sergeant In The San Bernardino County Sheriff's Department;

Commander Lieutenant Hector Gomez, Individually And In His Capacity As A Lieutenant And Commander Of The S.E.D. In The San Bernardino County Sheriff's Department;

County of San Bernardino

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

a) Plaintiffs' First Amended Complaint [Dkt. 49, 49-1]

     b) Defendants' Answer(s) to First Amended Complaint filed December 30, 2015 [Doc. 52], Defendants' Memorandum of Contentions of Fact and Law [Doc. 141]

     c) This [Proposed] Revised Final Pretrial Conference Order.

2. Federal jurisdiction over Plaintiffs' federal claims is invoked upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), because those claims, which are brought under 42 U.S.C. §§ 1983 and 1988, arise under the Constitution of the United States and allege deprivation under color of state law of rights secured by the United States Constitution. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and decide Plaintiffs' claims arising under state law because those claims are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district. The facts requisite to federal jurisdiction are admitted.

3. The trial is estimated to take 30 hours, excluding jury selection, and opening and closing statements/arguments.

4. The trial is to be a jury trial. Pursuant to the Court's Procedures, no later than March 6, 2017, the parties shall file and serve by e-mail, fax, or personal delivery: (a) proposed JOINT jury instructions; (b) DISPUTED jury instructions; and (c) Statement of the Case (JOINT), after having met and conferred on the Instructions in accordance with this Court's prior orders.

    Objections to DISPUTED instructions shall be filed no later than the Friday before the commencement of trial.

    Counsel shall submit proposed voir dire examination no later than the Wednesday of the week prior to trial.

5. The following facts are admitted and require no proof:

a) The subject incident took place from January 11, 2014 into January 12, 2014.

b) Carlos Rodarte's cause of death was multiple gunshot wounds.

c) Deputies Bonnet, Page, Fortier, Casas, Sergeant Walker, Lt. Gomez, were acting under color of state law during the subject incident, and within the course and scope of their employment as County of San Bernardino Sheriff's deputies.

d) Additional facts as will be submitted separately if stipulated to by parties.

6. The following facts, though stipulated, shall be without prejudice to any evidentiary objection: The parties have not stipulated to any such facts, other than the above.

7. Claims and Defenses to be Presented at Trial:

**Plaintiffs:**

**8. Statement of Claims:**
- Unreasonable Seizure (4th Amendment) And Excessive Use Of Force Against Deputy Defendants Brad Bonnet; Paul Casas; Jason Fortier; John Walker; David Page; Lt. Gomez;, acting under color of authority.
- Section 1983 Substantive Due Process as against all Defendants,
- Wrongful Death Against All Defendants [Entity For Vicarious Liability On State Claims]
- Negligence Against All Defendants [Entity For Vicarious Liability On State Claims]
- No Qualified Immunity Defenses.

### 9. Elements for Plaintiff's Claims

#### Use of Force

- Deputies Bonnet, Casas, Page, Walker, Fortier, and Gomez acted under color of law and their acts deprived plaintiffs (and plaintiffs' decedent) of rights, privileges, or immunities secured by the Constitution or laws of the United States.
- Individually named deputies seized decedent's person by discharge of their firearms; [and in the failure to intervene/act on the part of Gomez]
- In seizing the person, the deputies acted intentionally
- The seizure was unreasonable and with excessive force.
- Plaintiffs need not prove that defendant deputies intended to violate these Fourth Amendment rights, only that they meant to engage in the acts i.e. the seizure.

#### Substantive Due Process

- The conduct of the individual deputies who discharged their firearms, denied due process to the decedent as their conduct in shooting an unarmed man shocks the conscience.
- Minor plaintiffs possess a constitutionally protected liberty interest in the companionship and society of their father.
- That liberty interest is violated if the conduct of officers "shocks the conscience."
- In this case, whether the conduct of officers shocks the conscience involves a weighing of whether the circumstances were such that actual deliberation by the officers was practical, before they shot the decedent. Deliberation was "practical" if the officers had time to consider their conduct before acting.
- Deliberate indifference to the rights of the decedent may suffice to shock the

conscience. "Deliberate indifference" is the conscious or reckless disregard for the consequences of one's acts or omissions.

**State Law Claims:**

**Negligence**

The basic elements of a negligence action are:

- The defendants had a legal duty to conform to a standard of conduct, which includes not breaching that duty by action, or inaction, taken to assure the appearance of competence by their subordinates, to not fail to exercise ordinary care under the circumstances herein and not breaching their duty of selecting, training, reviewing and periodically evaluating the competency of these individually named deputies, and to take corrective measures to protect the Plaintiffs,
- the defendants failed to meet this standard of conduct,
- the defendants' failure was a legal cause of the resulting injury, and
- the Plaintiffs were damaged. *Grudt v. City of Los Angeles*, (1970) 2 Cal. 3d 575, 583-585.

**Wrongful Death**

- Defendants caused the wrongful death of decedent through their negligence and/or intentional misconduct;
- Plaintiffs entitlement to economic and noneconomic damages;
- Loss of financial support;
- Funeral and burial expenses;
- Reasonable value of household services decedent would have provided;

- Loss of enjoyment of decedent's training and guidance;
- Loss of love, companionship, comfort and society.

**Damages:** The Plaintiffs seek compensatory damages for the loss of their father, comfort, care, assistance, protection, affection and society as well as funeral and burial expenses, and damages for violations of decedent's civil rights, loss of enjoyment of life, mental, physical and emotional pain and suffering prior to death; and punitive damages for the malicious, oppressive, reckless conduct of defendants, the individual deputies, and their supervisor(s).

**Per Defendants:**

**Defendants' Contentions on the Elements and Proof.**

Defendants contend that, in essence, the same elements of proof are required for all of plaintiffs' claims sounding in excessive force: including plaintiffs' First Claim for Excessive Force under 42 U.S.C. §1983, plaintiffs' Third Claim for Substantive Due Process violation, plaintiffs' Eighth Claim for Wrongful Death under California state law, and plaintiffs' Ninth Claim for Negligence under California state law. Defendants also contend that, under California state law, any negligence claim does not apply the "reasonable person" standard, but instead adopts the *Graham* standard of adjudging an officer's seizure-related conduct from the perspective of a "reasonable peace officer" under the totality of the circumstances.

Defendants thus contend that the elements of proof for plaintiffs' remaining operative claims are as follows:

**A. Plaintiffs' Excessive Force Claims (First claim for Relief for §1983 Excessive Force, Third Claim for Substantive Due Process Violation, Eighth Claim for Wrongful Death Under California Law, and Ninth Claim for Negligence Under California State Law)**

PROPOSED REVISED FINAL PRE-TRIAL CONFERENCE ORDER

7          CASE NO. 15-00033 DTB

(i). That under the totality of the circumstances from the perspective of a reasonable police officer, while acting under color of law within the course and scope of his duties as a police officer employed by the County of San Bernardino, San Bernardino County Sheriff's Department Detective Brad Bonnet, Deputies Paul Casas, Jason Fortier, David Page, Sergeant John Walker, and Commander Lieutenant Hector Gomez, used unreasonable and excessive force against plaintiff; and

(ii) That such unreasonable, excessive, and negligent force caused decedent's injuries and damages.

**10. In Brief, the Key Evidence Plaintiffs rely on is:**
- The internal memoranda, authored by Captain Herbert; crime scene investigation photographs and reports of the County, including witness interviews and criminal investigation reports; belt recordings, audio files and transcriptions; tactical tractor video;
- the transcribed interviews of Michael Rodarte, witness Trejo, Mario Rodarte and officers on scene-by detectives of the criminal/homicide division;
- the autopsy report and protocol, the responses of defendants to discovery demands, set 38;
- the documents exchanged to date via disclosures, including Memorial Service video and photos, and testimony of minor plaintiffs and grandparents;
- the expert reports of Bruce Winker, Ernest Burwell, Clay Othic and William Moore; the deposition testimony of witnesses, parties and defendants, as well as law enforcement personnel, and illustrations and demonstrative photos as created by the experts and addressed in their depositions;

- The policies and procedures of the department including but not limited to use of force, excessive force, less lethal options, APCs, and tactical tractors;
- Documents as identified on the Exhibit Lists, and in deposition, and disclosed under Rule 26;
- Witnesses' testimony as identified via witness list

**Expert Witnesses Plaintiffs:**

1. **Ernest Burwell,** 37 Steamboat Way West; Thompson Falls, Montana 59873. Mr. Burwell specializes in law enforcement and police practices, including S.W.A.T practices and procedure and policies, standards, training, in general and in regard to the United States Constitution and the Fourth Amendment, use of excessive force, and deadly force, as well as the duties and obligations of deputies in S.W.A.T. Mr. Burwell will testify to the defendants' use of excessive force in the officer(s)' involved shooting of decedent, liability and causation issues, including but not limited to discharge of a firearm, use of excessive force, and police policies and procedures and customs of the County of San Bernardino Sheriff's Department concerning Officer Involved Shootings, Use of Deadly Force causing Constitutional violations. He will also address the law enforcement policies, practices and procedures and actions of defendants at the scene, and their commanding officers; their actions, reactions, and investigations as they also caused or contributed to Constitutional violations, and liability.

2. **Mr. William L. Moore,** 829 West Palmdale Blvd. Suite 87, Palmdale, CA 93551.

Mr. Moore will testify to the velocity and speed of ammunition as it travels from a Remington 700 bolt action rifle, at a distance of 47.5 yards, and his testing,

results, and examination regarding same. Mr. Moore is a Criminalist (retired) from the City of Los Angeles Police Department, Scientific Investigations Division, and firearms/ballistics examiner, specializing in shooting scene/incident reconstruction.

3. **Mr. Bruce Winker,** High Power Optics, 1650 Palma Drive, Ventura 93003.

Mr. Winker specializes in optics, research and development, and conducted optical tests on a Leupold Mark 4 scope. He will testify as to his photographs, provided at time of deposition, at certain levels of magnification, and differentiate between those levels.

**Non Retained Experts:**

**1. Joanna Young M.D., County of Riverside Sheriff-Coroner, 800 South Redlands, Perris CA;** forensic pathologist, performance of autopsy on the body of Carlos Rodarte, will testify to cause of death, multiple gunshot wounds, gunshot wound defects, findings on external and internal examination, and autopsy report.

**2. Bio-Tox Laboratories 1965 Chicago Avenue, Riverside CA 92507, 951.341.9355: : Laboratory Technicians-Erin Crabtree, Jordan Casper, Ola Bawardi, Kristen Steward** for testimony as to results and analysis of Comprehensive Drug Panels and Expanded Immunoassay Drug Screens conducted on specimens obtained by Coroner and provided to the lab, including but not limited to ethyl blood alcohol level of decedent, presence of methamphetamine and amphetamine, results of the gas/liquid chromatography/mass spectrometry.

**Defendants:**

**11. Operative Affirmative Defenses of Defendants and Elements of Proof.**

As to the defenses asserted by defendants which require affirmative proof by defendants, the elements of such affirmative defenses are summarized herein, below. Defendants have also asserted the defense of qualified immunity (Defendants' Third Affirmative Defense). Defendants concede that qualified immunity is not an *affirmative* defense but wish it to be included in the Final Pretrial Conference order: The defendants are entitled to qualified immunity because any mistakes of fact or law the deputies may have made were reasonable, and their actions did not violate clearly established law. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The supporting evidence will be drawn from defendants' witnesses to support defendants' contentions of fact (see above). All other "affirmative" defenses not specified herein below have been withdrawn by defendants. Nothing herein shall be construed as any withdrawal of defendants' defenses which do not require affirmative proof by defendants.

**A. Comparative Negligence (Ninth Affirmative Defense)**

Plaintiff had a duty to use reasonable efforts to care for his own safety: a duty he breached by negligently fleeing arrest, and by acting as if he was reaching for a weapon. To prove decedent's comparative negligence, defendants must prove by a preponderance of the evidence: (1) that decedent was negligent; and (2) that decedent's negligence was a substantial factor cause of his own harm. (The amount of any damages awarded to plaintiff would then be reduced by the court by the percentage of fault apportioned to plaintiff for his own injuries).

**B. Failure to Mitigate Damages (Tenth Affirmative Defense)**

Plaintiffs had a duty to use reasonable efforts to mitigate damages. To prove a failure to avoid or reduce damages, defendants must prove by a preponderance of the evidence: (1) that the plaintiffs failed to use reasonable efforts to mitigate

damages; and (2) the amount by which damages would have been mitigated with reasonable efforts.

**C. Self-Defense and Defense of Others (Twenty-Seventh and Twenty-Eighth Affirmative Defense)**

Self-defense and defense of others is a proper affirmative defense. *Kaur v. City of Lodi*, 2016 U.S. Dist. LEXIS 19223, at p. 9 (E.D. Cal.Feb. 16, 2016). To prove self-defense and/or defense of others, plaintiff must prove by a preponderance of the evidence that (1) defendant reasonably believed that plaintiff was going to harm defendant and/or others; and (2) that defendant used the amount of force necessary to protect himself and/or others.

**D. Key Evidence to be Relied upon by Defendants to Support Their Affirmative Defenses.**

    i)    Testimony of Detective Brad Bonnet;
    ii)    Testimony of Deputy Paul Casas;
    iii)    Testimony of Deputy Jason Fortier;
    iv).    Testimony of Deputy David Page;
    v)    Testimony of Sergeant John Walker;
    vi)    Testimony of Commander Lieutenant Hector Gomez;
    vii)    Testimony of Captain Gregg Herbert;
    viii)    Testimony of Max Kunzman;
    ix)    Testimony of Eric Rose;
    x)    Testimony of Tamara Wright;
    xi)    Testimony of Renier Hodge;
    xii)    Testimony of Sean Struebing;
    xiii)    Testimony of Timothy Nichols;
    xiv)    Testimony of Farris Short;
    xv)    Testimony of John Charbonneau;

xvi) Testimony of David Carpenter;

xvii) Witness testimony;

xviii) Belt recordings and their accompanying transcriptions;

xix) Audio Recorded Interviews and their accompanying transcriptions;

xx) Diagrams and Photographs of the Scene;

xxi) Testimony of defendants' expert witnesses: Clay Othic, Kenneth Hubbs, Dr. Kris Mohandie, and James Borden.

### E. Other Operative Defenses

Defendants have also asserted the following defenses which (although titled as "affirmative defenses") do not require affirmative proof by defendants. Defendants incorporate by reference here all such other defenses from the operative Answer [Doc. #20] not specifically listed above as defenses, but defendants concede that to the extent such are not affirmative defenses for which the burden of proof rests upon defendants, such defenses need not be listed herein.

### Reservation of Defenses

Because the First Amended Complaint is couched in vague and conclusory terms, defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, defendants hereby reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be appropriate. The assertion of any of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to any defendant regarding any of plaintiff's claims, or elements thereof.

### Expert Witnesses Defendants:

1. **Kenneth L. Hubbs**, Retired Lieutenant of the San Diego Police Department, 40335 Winchester Rd., Ste #130, Temecula, CA 92591; (619) 322.8523. Mr. Hubbs' curriculum vitae ("CV"), testimony list, fee schedule, and expert report were collectively attached as Exhibit "A" to the County's expert disclosures. Mr. Hubbs' fee for deposition testimony is $300.00 per hour, with a two-hour minimum fee ($600.00). Defendants anticipate that Mr. Hubbs' expert opinion testimony is expected to address issues regarding standard investigative and law enforcement policies, practices, tactics, training, and procedures; the policies, procedures and training of the San Bernardino County Sheriff's Department; use of force, use of deadly force; SWAT tactics, policies and procedures; and issues relating to the deployment of a long rifle, as they relate to the events and claims at issue in plaintiffs' operative complaint/allegations.

2. **James W. Borden**, Sergeant of the Henderson Police Department, 3484 Saddle Ave., Las Vegas, NV 89121; (702) 373.4737. Mr. Borden's curriculum vitae ("CV"), testimony list, fee schedule, and expert report were collectively attached as Exhibit "B" to the County's expert disclosures. Mr. Borden' fee for deposition testimony is a four-hour minimum of $1,500.00, thereafter it is $225.00 per hour. Defendants anticipate that Mr. Borden's expert opinion testimony is expected to address issues regarding standard investigative and law enforcement policies, practices, tactics, training, and procedures; the policies, procedures and training of the San Bernardino County Sheriff's Department, particularly force science and action versus reaction time, as they relate to the events and claims at issue in plaintiffs' operative complaint/allegations.

3. **Kris Mohandie, Ph.D.**, P.O. Box 88, Pasadena, CA 91102; (626) 666.6139. Dr. Mohandie's curriculum vitae ("CV"), testimony list, fee schedule, and expert report were collectively attached as Exhibit "C" to the County's expert

disclosures. Dr. Mohandie's fee for deposition testimony is a four-hour minimum of $1,800.00, thereafter it is $450.00 per hour. Defendants anticipate that Dr. Mohandie's expert opinion testimony is expected to address issues regarding the method of suicide, known as suicide by cop; the use of crisis negotiators and the policies and procedures regarding the use of negotiators; and the use of methamphetamine and it's consequences, as it relates to the events and claims at issue in plaintiffs' operative complaint/allegations.

4. **Clay Othic**, Former US Army Special Missions Unit Tier One Operator, P.O. Box 713, Sheridan, OR 97378; (910) 585.4588. Mr. Othic's curriculum vitae ("CV"), fee schedule, and expert report were collectively attached as Exhibit "A" to the County's rebuttal expert disclosures. Mr. Othic does not have any prior cases in which he has testified as an expert at trial or by deposition. Mr. Othic's fee for deposition testimony is $500.00 per hour, with a four-hour minimum fee ($2,000.00). Defendants anticipate that Mr. Othic's expert opinion testimony is expected to address issues regarding standard operating law enforcement practices, tactics, training, and procedures relating to the deployment of a sniper long rifle and optic devices; as they relate to the events and claims at issue in plaintiffs' operative complaint/allegations.

**NON-RETAINED EXPERTS.**

1. **Joanna Young, M.D., County of Riverside Coroner, 800 South Redlands, Perris, CA**, forensic pathology, performance of autopsy on Enrique Rodarte and autopsy report.

2. **Laboratory Technicians of the Bio-Tox Laboratories, 1965 Chicago Ave., Riverside, CA 92507; (951) 341.9355**, laboratory results and analysis of specimens provided by the Riverside County Coroner.

12. All discovery is complete.

13. All disclosures under Federal Rule of Civil Procedure 26(a)(3) have

been made.

14. The Exhibit List of the parties has been filed under separate cover as required by Local Rule 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits except those noted as marked for identification only on the parties' Joint Pretrial Exhibit Stipulation, will be admitted without objection at trial, except those exhibits listed below:

**Plaintiffs** will withdraw their objections [Dkt 142], to all but Exhibits 216, 222, 223, 290, 291, 292, and submits these matters have already been decided via Motion in Limine.

**Defendants** object to the following exhibits as cumulative, overly prejudicial and would result in confusion of the issues pursuant to Fed. R. Evid. 403: 2709-2711; 2460-2466; 2701; 3000-3002; 3004.

15. Witness lists (joint) of the parties have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

16. Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with Local Rule 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by Local Rule 32-1: As identified in Dkt. 135.

Defendants reserve the right to present deposition testimony for impeachment purposes.

Plaintiff reserves the right to present deposition testimony for impeachment purposes. Plaintiff has identified selected portions of videotaped deposition testimony as potential trial exhibits, and a list of these selected excerpts was filed under separate cover.

17. The following law and motion matters and motions in limine, and no others,

are pending or contemplated:

    a) Plaintiffs' Motion in Limine No. 1 to Exclude Evidence Re: Testimony of Defense Expert Kris Mohandie, Ph.D. pertaining to "Suicide by Cop" theory.

    b) Plaintiffs' Motion in Limine No. 2 Exclusion of Testimony and Evidence Regarding Decedent's Criminal History; Former Gang Affiliation, Tattoos, and Drug Use.

    c) Plaintiff's Motion in Limine No. 3 to Exclude Testimony and Evidence Regarding Commendation of Officers and Swat Response to 12.2.15 Attack; and other SWAT responses to any unrelated incidents.

    d) Defense Motion in Limine No. 1 Trifurcation of Trial.

    e) Defense Motion in Limine No. 2 to Exclude Evidence of Prior or Subsequent Investigations of or Allegations Against the Individual Defendants.

    f) Defense Motion in Limine No. 3 to Exclude Any and All References by Plaintiffs and/or Their Witnesses and Experts that Ernie Burwell Was a Prior Client of Defendant's Law Firm.

    g) Plaintiffs will seek hearing(s) on issues related to standards set forth in Daubert regarding Mohandie. The parties disagree on whether a Daubert hearing will be allowed on borden.

18. Bifurcation of the following issues for trial is ordered.

19. The parties have stipulated to the following:

    a) Neither the parties nor their witnesses shall reference or mention the following before the jury:

        i. Attorney's fees and costs;

        ii. Failure to render medical aid/treatment to decedent

b) Additionally the parties have agreed to the exclusion of witnesses pursuant to Federal Rule of Evidence 615.

20. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supercede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

DATED: March 13, 2017

THE HON. DAVID BRISTOW
UNITED STATES DISTRICT COURT
MAGISTRATE JUDGE

Approved as to form and content.

DATE:                                    **LAW OFFICES OF MARK PACHOWICZ**

By: _____/s_____
Mark Pachowicz, Esq.
Jennie Hendrickson, Esq.
Attorneys for Plaintiffs


**MANNING KASS ELLROD ET. AL.**


By: _____/s/_____
Eugene P. Ramirez, Esq.
Attorneys for Defendants

PROPOSED REVISED FINAL PRE-TRIAL CONFERENCE ORDER

18                                      CASE NO. 15-00033 DTB